| | |
|---|---|
| STATE OF WYOMING     )<br>                                           ) SS.<br>COUNTY OF LINCOLN   ) | IN THE DISTRICT COURT<br><br>THIRD JUDICIAL DISTRICT<br><br>Civil Action No. CV-2015-101-DC |

ARNOLD N. LARSON, INDIVIDUALLY )
AND AS A BENEFICIARY OF THE )
ARNOLD A. LARSON TRUST; and )
ARLA L. HARRIS, AS TRUSTEE OF THE )
ARNOLD A. LARSON TRUST, )

      Plaintiffs, )

vs. )

CHARLES R. LARSON and )
DEBRA M. LARSON, )

      Defendants. )

**FILED**
BY _____

SEP - 3 2015

KENNETH D. ROBERTS
CLERK OF DISTRICT COURT
3rd JUDICIAL DISTRICT
LINCOLN COUNTY, STATE OF WYOMING

## PETITION FOR PRELIMINARY INJUNCTION

**COME NOW** Arla L. Harris, as Trustee of the Arnold A. Larson Trust (hereafter "Trust"), and Arny Larson, as beneficiary of the Trust, by and through their undersigned counsel, and hereby petition the Court pursuant to W.S. Ann. § 1-28-101, et. seq., and the Wyoming Rules of Civil Procedure 65(a) to enjoin Charles R. Larson from continuing to make distributions from the Trust Account located at Uinta Bank, Evanston, Wyoming, Account No. 12100582 (hereafter "Trust Account"). In support of this Petition, the parties present to the Court the following:

1. The main asset of the Trust is the money held in the Trust Account.

2. Arla L. Harris, as Trustee, instructed Charles Larson that Trust funds could not be spent on his personal attorney, James Roach. See Attachment 1. Tim Beppler was previously the attorney for the Trust. Arla L. Harris did not agree to retain the services of Mr. Roach, and to her knowledge has not performed any services on behalf of the Trust.

3. On numerous occasions, Arla L. Harris and the other beneficiaries requested Charles Larson provide an accounting of all Trust assets. When Charles Larson finally provided the Trust Account information, it was learned that Charles Larson had paid James Roach. It is believed that Mr. Roach is not a Wyoming attorney who assisted Charles Larson to pursue the personal claims of Charles Larson. This unauthorized action is one of the bases that the removal of Charles Larson is sought in this lawsuit. See Complaint, ¶¶ 25, 36.

4. The Trust and Trustees are governed by the Wyoming Uniform Trust Code. A majority of Trustees must agree on the distributions from this bank account.

5. On the date of service, Charles Larson gave an additional $11,297 from the bank account to James Roach. The total funds given to James Roach equals approximately $36,000. In addition, he spent $35,000

to Gordon and Rees, LLP. The checks making these payments were without the knowledge or agreement of the Co-Trustee.

6. Unless the Court orders that no more withdrawals can be made on the Trust Account, there is a real danger that the money will be placed beyond the reach of Petitioners. It is believed by Petitioners that the majority of the funds belongs to the other beneficiaries, namely the daughters of Arnold Larson and that the amounts taken exceed the distribution to which Charles Larson is entitled to as a beneficiary. See proposed distribution as Attachment 2.

7. Petitioners recognize that granting a Preliminary Injunction is a provisional remedy and respectfully request that the Court allow this matter to proceed in order to determine the amount of money that Charles Larson must restore to the account for distribution to other beneficiaries and other matters at issue. However, in the interim, there is imminent danger that Charles Larson will continue to make withdrawals of monies without authorization and utilize the Trust account for his own purposes. A Preliminary Injunction is necessary so that Charles Larson will cease and desist from exercising control over the Trust Account until this matter is resolved. This Court can appoint a neutral receiver to act as custodian of the funds or freeze the account in order to allow the sale to proceed and for all parties to be protected. The matters at issue currently before the Court

in this action will fully resolve all issues with finality and determine all parties' rights to any part of distribution to the beneficiaries.

**WHEREFORE,** Petitioners respectfully pray for an expedited hearing, and that a Preliminary Injunction be granted pending final resolution of all issues with this Court.

DATED this 31st day of August, 2015.

*/s/ Judith Studer*
Judith Studer, WSB #5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Attorneys For Plaintiff, Arnold N. Larson, individually, and as beneficiary of the Arnold A. Larson Trust

*/s/ Marty L. Oblasser*
Marty L. Oblasser, WSB #7-4906
Corthell and King, P.C.
221 South 2nd Street
P.O. Box 1147
Laramie, WY 82073
Telephone (307) 742-3717
Attorneys for Arla Harris, Trustee

4

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of August, 2015, the undersigned served the within and foregoing **PETITION FOR PRELIMINARY INJUNCTION** upon the following by depositing a true and correct copy thereof in the United States mail, postage prepaid and properly addressed to:

Charles & Debra Larson
531 Sunset
Providence, UT 84332

Marty L. Oblasser

-----Original Message-----
From: Arlaharris <Arlaharris@aol.com>
To: charlielcpa <charlielcpa@gmail.com>
Sent: Mon, Jul 13, 2015 9:39 am
Subject: Trust

Dear Charlie,

As far as I understand, there are no claims or liabilities against the trust. The only dispute is with the partnership. I have attempted to have funds distributed--specifically the townhouse that I e-mailed you about shortly after the closing December 29, 2014. I was told that they are part of the trust and there are legal costs associated with the trust. As far as I can determine, there was a small amount for Mr. Beppler to take care of the townhouse but other costs have been for your personal attorney.

If there are partnership funds in the trust account, they need to be identified and separated so the trust can be distributed.

Attorneys and CPAs that I have visited with stated that more than three years is too long for distribution to wait and your being accountant as well as trustee is a conflict of interest. It would be in the interest of moving forward for you to resign or distribute by July 17.

As a signer on the account, I need to also approve any expenditure on the account.

Thanks, Arla

Attachment No. 1

## REMAINING DISTRIBUTIONS FROM ARNOLD A. LARSON'S ESTATE

| Asset | Value | Beneficiaries Entitled to Receive | Beneficiary C. Larson's Portion |
|---|---|---|---|
| Life Insurance | $90,010 | Distribution for Three Daughters | $0.00 |
| Rental Income | $16,150 | Distribution for Six Children | $2,691.67 |
| Interest | $1,152 | Distribution for Six Children | $192.00 |
| Sale of Townhouse | $79,244 | Distribution for Six Children | $13,207.33 |
| Blue Cross Blue Shield Refund | $1,355 | Distribution for Three Daughters | $0.00 |
| Tax Refund | $5,227 | Distribution for Three Daughters | $0.00 |
| Interest in Partnership | $91,000 | Distribution for Beneficiary A. Larson | $0.00 |

Total Distribution Entitled to by Beneficiary C. Larson    $16,091.00
Amount Withdrawn by C. Larson    $71,000.00
Amount Owed to Trust by C. Larson    -$54,909.00

Attachment No. 2